UNITED STATES DISTRICT COURT
SOUTERHN DISTRICT OF NEW YORK

'08 CIV 4189

------------------------------------------------------------------------------X

SHARROD RILEY,

**COMPLAINT**

Plaintiff,

Index No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, and JOHN AND JANE DOES Through 01
individually and in their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently unknown

RECEIVED
MAY 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Defendants.

------------------------------------------------------------------------------X

Plaintiff SHARROD RILEY, individually, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the States of New York and the United

States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

1

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHARROD RILEY is a citizen of the United States, and at all relevant times was a resident of Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOES 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On or about February 2, 2007, at approximately 12:50 a.m., plaintiff SHARROD

RILEY was lawfully driving a motor vehicle in the vicinity of 43rd Street between 8th and 9th

Avenues in New York, New York.

13.    At the aforesaid time and place, the defendants, members of the New York City

Police Department, unlawfully and without reasonable suspicion or any just cause stopped,

searched, handcuffed and detained the plaintiff.  Plaintiff was taken against his will into police

custody, was transported to the NYPD Midtown South Precinct, and held in police custody until

approximately 9:00 a.m., when he was released via the determination of New York County

District Attorney's Office to decline to prosecute any purported charges that were referred to

them by the defendants.

14.    All of the above occurred while other NYPD officers failed to intervene in the

illegal conduct described herein.

15.    As a result of the foregoing, plaintiff SHARROD RILEY sustained, *inter alia,*

deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

16.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.    All of the aforementioned acts of defendants, their agents, servants and

employees, including the arrest and detention of the plaintiff without probable cause, were

carried out under the color of state law.

3

18.    All of the aforementioned acts deprived plaintiff SHARROD RILEY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

19.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

21.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23.    Defendants arrested plaintiff SHARROD RILEY without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

24.    Defendants caused plaintiff SHARROD RILEY to be falsely arrested and unlawfully imprisoned.

4

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

25.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.    Defendants had an affirmative duty to intervene on behalf of plaintiff SHARROD RILEY, whose constitutional rights were being violated in their presence by other officers.

27.    The defendants failed to intervene to prevent the unlawful conduct described herein.

28.    As a result of the foregoing, plaintiff SHARROD RILEY's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

31.    As a result of the foregoing, plaintiff SHARROD RILEY was deprived of his liberty and right to substantive due process.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHARROD RILEY' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

35.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHARROD RILEY.

36.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHARROD RILEY as alleged herein.

37.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHARROD RILEY as alleged herein.

38.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

SHARROD RILEY was unlawfully imprisoned.

39.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHARROD RILEY' constitutional rights.

40.    All of the foregoing acts by defendants deprived plaintiff SHARROD RILEY of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from false arrest;

        C.    To be free from the failure to intervene.

41.    As a result of the foregoing, plaintiff SHARROD RILEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

42.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

43.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

44.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

7

45.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

46.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

49.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

50.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

51.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHARROD RILEY.

52.    As a result of the aforementioned conduct, plaintiff SHARROD RILEY suffered loss of freedom, together with embarrassment, humiliation, shock and fright.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants arrested plaintiff SHARROD RILEY without probable cause.

55. Plaintiff was detained against his will for an extended period of time and subjected to

physical restraints.

56. As a result of the aforementioned conduct, plaintiff SHARROD RILEY was unlawfully imprisoned in violation of the laws of the State of New York.

57.    As a result of the aforementioned conduct, plaintiff SHARROD RILEY suffered loss of freedom, together with embarrassment, humiliation, shock, and fright.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHARROD RILEY.

60.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHARROD RILEY.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

65.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67.    As a result of the foregoing, plaintiff SHARROD RILEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

10

**WHEREFORE,** plaintiff SHARROD RILEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       April 21, 2008

<div style="margin-left:40%">

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN

Attorneys for Plaintiff SHARROD RILEY

</div>

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHARROD RILEY,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                        Defendants.

-----------------------------------------------------------------------X


**COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff  SHARROD RILEY
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100